IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| OSCAR MARRERO<br><br>**Plaintiff,**<br><br>v.<br><br>CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO, <u>et als.</u><br><br>**Defendants.** | CIVIL NO. 19-2055 (PAD) |

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Plaintiff, *pro se*, sued the Corporación del Fondo del Seguro del Estado ("the SIFC")[1] and various individual defendants alleging that the SIFC violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936 (1996) and his right to privacy, honor and reputation (Docket No. 2).[2] The SIFC moved to dismiss (Docket No. 8). Because there is no private cause of action under HIPAA, the SIFC's motion to dismiss is GRANTED and the case DISMISSED.

---

[1] "Corporación del Fondo del Seguro del Estado" translates to "State Insurance Fund Corporation."

[2] On September 30, 2020, counsel from the Puerto Rico Department of Justice filed a "Special Notice of Appearance and Request for Extension of Time," informing that personal capacity defendants were still in the process of obtaining legal representation under Act 9 of November 26, 1975, P.R. Laws Ann. tit. 32 § 3085 <u>et seq.</u> and requesting additional time for that process to conclude (Docket No. 10). The court noted and granted the request (Docket No. 11). On October 2, 2020, counsel for personal capacity defendants filed a "Motion to Withdraw as Legal Representation of Codefendants" because the Secretary of Justice denied their request for counsel (Docket No. 12). That same day, the court granted personal capacity defendants until November 9, 2020, to announce new legal representation (Docket No. 13). Once counsel certified he notified personal capacity defendants with a copy of the Order at Docket No. 13 (Docket Nos. 19 and 20), he was granted leave to withdraw (Docket No. 21). The individual co-defendants have yet to make an appearance.

Marrero v. Corporación del Fondo del Seguro del Estado, et. als.
Civil No. 19-2055 (PAD)
Opinion and Order
Page 2

## I. BACKGROUND

On November 8, 2019, plaintiff filed a complaint and request for authorization to appear in forma pauperis (Docket Nos. 1 and 2).³ In the complaint, he alleged that the SIFC violated HIPAA by including protected health information in a public place- a bulletin board -in a letter with his name and case file number, and infringed his privacy, honor and reputation by stating in the letter that he had engaged in disorderly conduct (Docket No. 2, p. 1, ¶1; p. 2, ¶ 3). As request for relief, he included a settlement offer of $1,000,000.00 for damages and mental anguish. Id. at p. 2, ¶ 4.⁴

On September 28, 2020, the SIFC filed a "Motion to Dismiss," arguing that: (i) HIPAA does not recognize a private cause of action for the unauthorized disclosure of health information; (ii) there was insufficient service of process under Fed. R. Civ. P. 4(m); and (iii) the case is time-barred in relation to Article 1868 of the Puerto Rico Civil Code (Docket No. 8, pp. 3-6). On September 28, 2020, the court ordered plaintiff to respond to the SIFC's motion to dismiss (Docket No. 9). Plaintiff did not comply with the court's Order. On November 16, 2020 and December 28, 2020, the SIFC requested that its motion be considered unopposed (Docket Nos. 22 and 25). On November 16, 2020, the court provided plaintiff with a term to respond (Docket Nos. 23). Plaintiff did not do so. On March 24, 2021, the court gave plaintiff a final term to respond to the

---

³ Plaintiff's form to appear in forma pauperis was incomplete (Docket No. 1). On December 3, 2019, the court denied the request to proceed in forma pauperis but ordered plaintiff to refile a complete form (Docket No. 3). On December 26, 2019, he complied but after reviewing the forms submitted, the court denied his request (Docket No. 5). Plaintiff was, however, authorized to pay the filing fee in five monthly installments. Plaintiff successfully complied with the payments on February 7, 2020, March 6, 2020, April 17, 2020, May 8, 2020, and June 16, 2020.

⁴ There are no allegations against the individual defendants.

Case 3:19-cv-02055-PAD   Document 29   Filed 04/30/21   Page 3 of 5

Marrero v. Corporación del Fondo del Seguro del Estado, et. als.
Civil No. 19-2055 (PAD)
Opinion and Order
Page 3

SIFC's motion to dismiss, as well as to the motions at Docket Nos. 22 and 25 (Docket No. 27). To date, plaintiff has not complied with the court's order or asked for an extension to comply.[5]

## II.   DISCUSSION

### A. Jurisdictional Principles

Federal courts cannot act "in the absence of subject matter jurisdiction." United States v. Univ. of Massachusetts, Worcester, 812 F.3d 35, 44 (1st Cir. 2016), cert. denied sub nom. U.S. & Massachusetts ex rel. Willette v. Univ. of Massachusetts, Worcester, 137 S.Ct. 617 (2017). The existence of subject matter jurisdiction "is never presumed." Fafel v. DiPaola, 399 F.3d 403, 410 (1st Cir. 2005). Fed. R. Civ. P. 12(b)(1) authorizes motions to dismiss for lack of subject-matter jurisdiction.

In evaluating a Rule 12(b)(1) motion, the court must credit "plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010). But, the burden is on the party asserting jurisdiction to show that jurisdiction exists. See, Padilla-Mangual v. Pavía Hosp., 516 F.3d 29, 31 (1st Cir. 2008)(addressing topic). If it appears to the court at any time that subject matter jurisdiction is lacking, it "must dismiss the action." Fed.R.Civ.P. 12(h)(3).

### B. HIPPA

HIPPA was enacted, in part, to improve the efficiency and effectiveness of the health care system by establishing standards and requirements for the electronic transmission of certain health information. See, 42 U.S.C. §§ 1320d to d-8. In this way, it provides for the confidentiality of medical records by regulating who may disclose protected health information and under what

---

[5] On April 19, 2021, the SIFC filed a third motion requesting an order to deem the motion to dismiss as unopposed (Docket No. 28).

Case 3:19-cv-02055-PAD   Document 29   Filed 04/30/21   Page 4 of 5

Marrero v. Corporación del Fondo del Seguro del Estado, et. als.
Civil No. 19-2055 (PAD)
Opinion and Order
Page 4

circumstances. Id.  The purpose of the regulations pertaining to disclosure is to ensure that confidential information about a patient's health conditions and treatment is not shared without his or her authorization, excepted in certain circumstances.

To that end, the HIPAA Privacy Rule "establishes national standards to protect individuals' medical records and other personal health information" and requires "appropriate safeguards to protect the privacy of personal health information, and sets limits and conditions on the uses and disclosures that may be made of such information without patient authorization."[6]  It focuses on who has access to a person's medical information and who conducts certain electronic health care transactions. 42 U.S.C. §§ 1320d-5, d-6.  In addition, it provides for "civil and criminal penalties to be imposed on persons who improperly handle or disclose individually identifiable health information."  Valentín-Muñoz v. Island Finance Corp., 364 F.Supp.2d 131, 136 (D. P.R. 2005).

The law specifically indicates that "only the Secretary of Health and Human Services or other authorized state authorities may bring forth a HIPAA enforcement action." Valentín-Muñoz, 364 F.Supp.2d at 136.  That being so, there is no private cause of action under HIPAA.  See, Acara v. Banks, 470 F.3d 569, 572 (5th Cir. 2006)("there is no private cause of action under HIPAA and therefore no federal subject matter jurisdiction over [plaintiff's] asserted claims"); Johnson v. Quander, 370 F.Supp.2d 79, 100 (D. D.C. 2005)(no subject matter jurisdiction over claim because there is no private right of action under HIPAA); O'Donnell v. Blue Cross Blue Shield of Wyo., 173 F.Supp.2d 1176, 1180, 1184-1185 (D. Wyo. 2001)(similar).

---

[6] https://www.hhs.gov/hipaa/for-professionals/privacy/index.html (last visited on April 23, 2021).

### III.   CONCLUSION

Construing plaintiff's allegations liberally, as complaining of unauthorized disclosure of protected information under HIPAA, there is no private cause of action under that statute for what plaintiff has complained about. By extension, the court lacks subject matter jurisdiction to entertain it. As for the remaining allegation, involving privacy, honor and reputation, any viable action depends on state law. And given that the federal action is being dismissed at this juncture, assuming the allegation adequately pleads a cause of action under Puerto Rico law, it must be, and is hereby dismissed, albeit without prejudice, in the absence of any indication that there is diversity of citizenship between the parties.

Judgment shall be entered accordingly.

**SO ORDERED**.

In San Juan, Puerto Rico, 30th day of April, 2021.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge